UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BOWE MARVIN *et al.*,

    Plaintiffs,

v.

                      CAUSE NO. 3:20-CV-553 DRL-MGG

DAVID HOLCOMB *et al.*,

    Defendants.

## OPINION & ORDER

Michelle Marvin says she suffered emotional distress after witnessing three law enforcement officers use excessive force against her son, Bowe Marvin, more than five years ago. Bowe Marvin sued the officers and the St. Joseph County Police Department for compensatory and punitive damages under 42 U.S.C. § 1983, and Michelle Marvin pursued an emotional distress claim under state law. The defense argues that the statute of limitations has run on Ms. Marvin's claim and that she neglected to tender the required notice under the Indiana Tort Claims Act. That being correct as a matter of law, the court grants the partial motion to dismiss.

## BACKGROUND

The following facts emerge from the complaint's well-pleaded allegations, which the court takes as true at this stage. On April 3, 2015, St. Joseph County Police Department officers conducted a welfare check on Bowe Marvin. Mr. Marvin stood in the doorway and answered the officers' questions. When he declined to come outside at their request, the Marvins say the officers forcefully yanked Mr. Marvin outside, violently beat him, and used a TASER device. Ms. Marvin witnessed the incident. She suffers from anxiety attacks, insomnia, and stress as a result.

STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1146 (7th Cir. 2010). Evaluating whether a claim is plausible enough to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Though a limitations defense isn't usually a basis for a Rule 12(b)(6) motion, a complaint becomes subject to dismissal when the allegations reveal that relief is barred. *See Logan v. Wilkins*, 664 F.3d 577, 583 (7th Cir. 2011); *accord Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (courts may dismiss when "indisputably time-barred"). Of course, because the Marvins are proceeding *pro se*, the court construes their complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

DISCUSSION

    A.    *The Indiana Tort Claims Act Bars Ms. Marvin's Emotional Distress Claim Against the St. Joseph County Police Department and the Three Officers.*

The Indiana Tort Claims Act immunizes state governmental entities and its acting employees from tort claims under specific circumstances. For one, the law requires a putative plaintiff to send a political subdivision, such as the St. Joseph County Police Department and its officers acting within the scope of their employment, a notice within 180 days after a loss occurs. *See* Ind. Code § 34-13-3-8. Ms. Marvin didn't tender that notice on this record. The failure to provide that timely notice bars her claim here. *See* Ind. Code § 34-13-3-8(a); *Collier v. Prater*, 544 N.E.2d 497, 498 (Ind. 1989).

    B.    *Indiana's Two-Year Statute of Limitations on Personal Injury Claims Bars Ms. Marvin's Emotional Distress Claim Against All Defendants.*

"[A] cause of action accrues, and the statute of limitation begins to run, when the plaintiff knew or in the exercise of ordinary diligence could have discovered that an injury had been sustained

2

as a result of the tortious act of another." *Del Vecchio v. Conseco, Inc.*, 788 N.E.2d 446, 449 (Ind. Ct. App. 2003). Except in circumstances not applicable here, the law requires a person to file an emotional distress claim within two years after her injury. *See* Ind. Code § 34-11-2-4. Ms. Marvin knew that she was emotionally injured by this incident immediately. Ms. Marvin acknowledges that she "could feel that something was wrong with me after the beating on my son" (ECF 30 at 3). The incident occurred on April 3, 2015. She had two years from that date to file her suit. Her claim now is untimely.

   C. *No Equitable Doctrine Prevents the Dismissal of Ms. Marvin's Emotional Distress Claim.*

Ms. Marvin seems to recognize that she filed a late claim without prior notice, but she argues for equitable tolling or equitable estoppel. The federal version of equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence [she] is unable to obtain vital information bearing on the existence of [her] claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). Equitable tolling assumes Ms. Marvin knew that she had been injured, but she could not obtain information necessary to decide whether her injury resulted from wrongdoing or whose wrongdoing. *See id.* Here, even if this doctrine were to apply, Ms. Marvin is honest in saying she "knew what the police officers had done was wrong" (ECF 30 at 3). That, with her injury, was enough to cause her statute of limitations to begin running.

That doesn't really answer the question for Ms. Marvin, however. Federal courts apply the tolling doctrine of the jurisdiction that supplies the statute of limitations. *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001). So, though federal law may recognize an equitable tolling doctrine, *see Cada*, 920 F.3d at 451, what matters is whether Indiana recognizes equitable tolling because Indiana establishes the statute of limitations for her emotional distress claim. The two—the time limitations and tolling options—walk hand in hand under the law. "A state might decide to set a short period but allow generous tolling, or a long period in lieu of generous tolling." *Shropshear*, 275

3

F.3d at 596. The court could risk creating an "irrational hybrid" if it used a state's statute of limitations but a federal version of equitable tolling. *Id.*

That said, Indiana permits tolling of the statute of limitations under the doctrine of equitable estoppel, *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 383 (Ind. 2019); *Paramo v. Edwards*, 563 N.E.2d 595, 599 (Ind. 1990), or pursuant to a procedural variant of equitable tolling that proves inapplicable here, *Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 239 n.9 (Ind. Ct. App. 1998).[1] The doctrine of equitable estoppel is "typically linked to claims of fraudulent concealment, but the doctrine also applies to other conduct that lulls a party into inaction." *Kenworth*, 134 N.E.3d at 383 (internal quotations and brackets omitted). To warrant use of equitable estoppel, a party's conduct "must be of a sufficient affirmative character to prevent inquiry or to elude investigation or to mislead and hinder." *Id.* (emphases omitted).

That Ms. Marvin "did not know the legal definitions and civil rights of the wrong" or have a formal diagnosis doesn't halt the statute of limitations. Her knowledge of her injury (at least some ascertainable damage), not her knowledge of the law or the development of new case law, causes the statute of limitations to begin running. *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 690 (Ind. Ct. App. 2006); *Doe v. United Methodist Church*, 673 N.E.2d 839, 842 (Ind. Ct. App. 1996). The subsequent intensification of Ms. Marvin's emotional distress, including insomnia, hair loss, and anxiety attacks, though relevant to the extent of her injuries, doesn't change when her claim arose under the law. *See Serino v. Hensley*, 735 F.3d 588, 592 (7th Cir. 2013).

Nothing the St. Joseph County Police Department or its officers did prevented Ms. Marvin from knowing she had a claim or from pursuing her claim. To the contrary, the record indicates that

---

[1] Indiana hasn't recognized an equitable tolling doctrine equivalent to that under federal law. *See Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 239 n.9 (Ind. Ct. App. 1998) (citing *Heck v. Humphrey*, 997 F.2d 355, 257 (7th Cir. 1993), *aff'd* 512 U.S. 477 (1994)). Indiana courts employ "equitable tolling" when a plaintiff brings a suit in good faith in federal court, but the action subsequently is dismissed for want of diversity jurisdiction. *See Torres v. Parkview Foods*, 468 N.E.2d 580, 583 (Ind. Ct. App. 1984).

Ms. Marvin tried to pursue a claim by "call[ing] and contact[ing] every authority and medical facility" and speaking with multiple attorneys (ECF 30 at 3, 5). She "knew what the police officers had done was wrong" (ECF 30 at 3). This knowledge, along with a record devoid of any conduct by the St. Joseph County Police Department to mislead or hinder Ms. Marvin from pursuing her claim, permits the statute of limitations to operate here. *See Kenworth*, 134 N.E.3d at 383.

The court appreciates Ms. Marvin's earnest study of the law and sympathizes with her angst. She argues that these legal requirements—a tort claims notice and a two-year statute of limitations—are just the common law overriding common sense or unfairly eliminating her ability to have her case heard on its facts. In reality, these are statutory requirements. Indiana's General Assembly has adopted these requirements trying to balance sound policies from many perspectives and ultimately choosing these statutes for the welfare of all citizens and their governmental representatives in this State. The tort claims notice helps "to ensure that government entities have the opportunity to investigate the incident giving rise to the claim and prepare a defense." *Murphy v. Ind. State Univ.*, 153 N.E.3d 311, 317 (Ind. Ct. App. 2020) (quoting *Town of Knightstown v. Wainscott*, 70 N.E.3d 450, 455 (Ind. Ct. App. 2017)). "Statutes of limitation ... are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that[,] even if one has a just claim[,] it is unjust not to put the adversary on notice to defend within the period of limitation[,] and the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Order of R.R. Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348-49 (1944). The court hasn't the luxury of deviating from these statutes, duly enacted by the People's elected representatives.

CONCLUSION

For these reasons, the court GRANTS the partial motion to dismiss (ECF 22) and DISMISSES Michelle Marvin's emotional distress claim. The claims asserted by Bowe Marvin remain.

SO ORDERED.

December 7, 2020                    *s/ Damon R. Leichty*
                                     Judge, United States District Court